RAY W. COX v. BETTIE POWELL COX.

(Filed 28 June, 1957.)

**Abatement and Revival § 5—**

> A plea in abatement for pendency of a prior action between the parties is a plea in bar, and the court must dispose of such plea before considering other matters in issue.

APPEAL by defendant from *Seawell, J.,* in Chambers at December Criminal Term, 1956, of WAKE.

*Ehringhaus & Ellis for defendant, appellant.*
*Emanuel & Emanuel for plaintiff, appellee.*

JOHNSON, J. This is a companion case of *Cox v. Cox,* involving the same parties, this day decided in an opinion filed contemporaneously herewith. In the companion case the wife is suing the husband for

divorce on the ground of two years separation.  In the instant case the husband is suing the wife for divorce on the same ground.  The immediate controversy in both cases relates to the custody of the infant child of the marriage, Richard Allen Cox.  All the essential facts are set out in the opinion in the companion case.  In that case the wife noted an appeal to this Court from Judge Seawell's order of 28 November, 1956, vacating the clerk's previous judgment of voluntary nonsuit entered while the custody hearings were in progress.  Thereafter the husband instituted this action on 4 December, 1956, and filed petition in the cause, similar to his petition in the companion case, praying the court to determine the custody of the child.  The hearings were then resumed.  Judge Seawell treated the hearings as being held in both cases.  He acted on the theory that the attempted appeal in the companion case, being from a nonappealable interlocutory order, was a nullity.  But to guard against the eventuality of error in this respect, the further hearings were treated as being held in both cases, and when the hearings were over he entered judgments, in substance precisely alike, dated 13 December, 1956, in each case, awarding custody of the child to the mother, with part-time privileges to the father.

Meanwhile, as soon as the second case was instituted by the husband, the wife filed a plea in abatement asking dismissal on the ground that another action was pending involving the same subject matter between the same parties.  The wife requested that this plea be heard before the petition for custody.  The request was denied, and the hearing on the plea in abatement was continued until after 10 January, 1957, to allow the husband to answer the plea.  The wife did not participate in any of the further hearings respecting custody.  However, she excepted to the judgment as entered and appealed.  This is the only exception brought up with the appeal.  We treat the exception as challenging the correctness of the court's refusal to hear the plea in abatement before going forward with the hearing on custody.  The challenge will be sustained.  The plea in abatement was a plea in bar.  The court should have disposed of it before hearing the custody case on its merits.  For this oversight the judgment as rendered in this case must be vacated.  It is so ordered.  Decision here in nowise affects the validity of the judgment rendered in the companion case.

Reversed.