NORA SHORE, PLAINTIFF v. DOYLE BROWN AND WIFE, COLEEN B. BROWN, DE-
  FENDANTS AND THIRD-PARTY PLAINTIFFS v. LUMBERMENS MUTUAL CAS-
  UALTY COMPANY AND GENERAL MOTORS CORPORATION, THIRD-PARTY
  DEFENDANTS

No. 470PA88

(Filed 4 May 1989)

**Abatement and Revival § 8.2— failure to defend—prior pending action—summary
  judgment for defendant—proper**

> The trial court correctly granted summary judgment in favor of defendant
> Lumbermens in an action in which the Browns alleged that Lumbermens
> breached its contractual duty by failing to defend them because that identical
> issue was already pending in a prior action between the same parties in
> another county. The pending of a prior action between the same parties for
> the same cause of action in a court of competent jurisdiction works an abate-
> ment of a subsequent action either in the same court or another court of the
> same state having jurisdiction.

ON petition for discretionary review of the decision of the
Court of Appeals, in an unpublished opinion, reversing the entry
of summary judgment for Lumbermens Mutual Casualty Company
by *Rousseau, J.,* at the 30 June 1987 session of Superior Court,
YADKIN County. Heard in the Supreme Court 11 April 1989.

*Franklin Smith for defendants and third-party plaintiffs, ap-
pellees.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston, by Irvin
W. Hankins III and Kevin A. Dunlap, for third-party defendant
Lumbermens Mutual Casualty Company, appellant.*

MARTIN, Justice.

We hold that the Court of Appeals erred in reversing the
trial court's entry of summary judgment for Lumbermens Mutual
Casualty Company.

This appeal arises from an automobile collision in which Nora
Shore and Joan Hinson were injured when their car was struck
by the car operated by Coleen Brown and owned by Doyle Brown.
On 13 October 1986 at 11:17 a.m., the case of *Doyle Brown and
Coleen B. Brown v. Lumbermens Mutual Casualty Company and
General Motors Corporation* (hereinafter *Brown v. Lumbermens*)
was filed, the Browns alleging that Lumbermens breached its con-

tractual duty arising on their insurance policy by failing to defend them in Joan Hinson's suit against the Browns. This case was filed in Davie County.

On 13 October 1986 at 5:29 p.m. in Yadkin County, Nora Shore filed this action against the Browns. On 6 January 1987, the Browns filed the third-party complaint against Lumbermens which is the subject of this appeal. In this cross-action the Browns again alleged that in violation of its contractual duty under the policy, Lumbermens failed to provide them with a defense of this action.

On 6 March 1987, Lumbermens filed a motion for summary judgment on the grounds, among others, that the court did not have subject matter jurisdiction over the claims alleged against Lumbermens because the same claims had been adjudicated in the Davie County action and therefore the claims are barred by the doctrine of res judicata. Lumbermens' motion further stated that at the time the third-party complaint was filed against it in the Shore action, the same claims had already been alleged against it in the prior pending action in Davie County.

On 7 July 1987, the trial court allowed Lumbermens' motion and dismissed the third-party action against Lumbermens. On appeal the Court of Appeals held that in *Brown v. Lumbermens* it had reversed the summary judgment for Lumbermens on the claim of violating its contractual duty to defend; therefore, summary judgment should not have been entered for Lumbermens on that claim in the Shore case. Other issues decided by the Court of Appeals are not before us on this appeal.

The Court of Appeals failed to consider the doctrine of prior action pending in deciding this appeal. In this the Court of Appeals erred. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal. If the correct result has been reached, the judgment will not be disturbed even though the trial court may not have assigned the correct reason for the judgment entered. *Sanitary District v. Lenoir*, 249 N.C. 96, 105 S.E. 2d 411 (1958); *Hayes v. Wilmington*, 243 N.C. 525, 91 S.E. 2d 673 (1956). Although the trial court based the summary judgment on res judicata, which the Court of Appeals found was error, the record and Lumbermens' motion clearly support

the doctrine of prior action pending as a basis for the summary judgment.

When the third-party complaint was filed in this action alleging that Lumbermens failed to provide the Browns with a defense under the insurance contract, that identical issue was already pending in a prior action between the same parties in Davie County. At the summary judgment hearing, the trial court had before it the record in the case of *Brown v. Lumbermens*, Davie County, raising the same issue between the parties.

The authorities are legion in North Carolina that the pending of a prior action between the same parties for the same cause of action in a court of competent jurisdiction works an abatement of a subsequent action either in the same court or another court of the same state having jurisdiction. *E.g., Conner Co. v. Quenby Corp.*, 272 N.C. 214, 158 S.E. 2d 22 (1967); *Sales Co. v. Seymour*, 255 N.C. 714, 122 S.E. 2d 605 (1961); *Pittman v. Pittman*, 248 N.C. 738, 104 S.E. 2d 880 (1958); *Cox v. Cox*, 246 N.C. 532, 98 S.E. 2d 883 (1957). All claims between the Browns and Lumbermens will be adjudicated in the prior pending action of *Brown v. Lumbermens* in Davie County. We hold that the third-party claim by the Browns against Lumbermens in the case sub judice is abated and that the trial court properly granted summary judgment in favor of Lumbermens.

The decision of the Court of Appeals reversing the summary judgment for Lumbermens on the third-party complaint allegations that Lumbermens violated its duty to defend the Browns is reversed. The cause is remanded to the Court of Appeals for further remand to the Superior Court, Yadkin County, for reinstatement of the summary judgment in favor of Lumbermens.

Reversed in part and remanded.