AMERICAN MOTORISTS INSURANCE COMPANY, PLAINTIFF v. AVNET, INC., CHANNEL MASTER SATELLITE SYSTEMS, INC., AETNA CASUALTY AND SURETY COMPANY, ALLIANZ UNDERWRITERS INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY (AS SUCCESSOR TO NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY), CENTAUR INSURANCE COMPANY, EMPLOYERS MUTUAL CASUALTY COMPANY, EXCESS INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, HARTFORD ACCIDENT & INDEMNITY COMPANY, HIGHLANDS INSURANCE COMPANY, HOME INSURANCE COMPANY, INTERNATIONAL INSURANCE COMPANY, LONDON MARKET (UNDERWRITERS AT LLOYD'S AND INSURANCE COMPANIES), MOTOR VEHICLE CASUALTY COMPANY, NATIONAL SURETY CORPORATION, NEW ENGLAND INSURANCE COMPANY, NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY (AS PREDECESSOR TO ALLSTATE INSURANCE COMPANY), ROYAL INDEMNITY COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY, DEFENDANTS

No. 8910SC942

(Filed 1 May 1990)

**Abatement, Survival, and Revival of Actions § 3 (NCI4th)— action in foreign jurisdiction—North Carolina claims dismissed—declaratory judgment action brought in North Carolina—stay improper**

Plaintiff's declaratory judgment action to determine whether it was required by policies of insurance which it had issued to pay the costs of investigating and defending environmental actions was improperly stayed where a separate action had been brought in New York, but claims in that action

arising from a waste site in North Carolina had been dismissed, and there was therefore no prior action pending; furthermore, the second requirement of N.C.G.S. § 1-75.12, that the party moving for a stay must stipulate consent to suit in another jurisdiction which would provide a convenient, reasonable, and fair place of trial, was not met, since defendant did not consent to some other jurisdiction.

**Am Jur 2d, Abatement, Survival, and Revival §§ 3, 10, 13; Declaratory Judgments §§ 127, 128.**

APPEAL by plaintiff from order entered 26 May 1989 in WAKE County Superior Court by *Judge James H. Pou Bailey.* Heard in the Court of Appeals 13 March 1990.

*Petree Stockton & Robinson, by J. Anthony Penry, and Drinker Biddle & Reath, by Timothy C. Russell and Alan C. Nessman, for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, by Gary R. Govert, for defendant-appellees.*

DUNCAN, Judge.

In this appeal, plaintiff, American Motorists Insurance Company ("AMICO"), seeks to overturn the order staying its action for declaratory relief granted to defendants Avnet, Inc. ("Avnet"), Channel Master Satellite Systems, Inc. ("Channel Master"), and nineteen insurance companies ("the insurance companies"). For the reasons which follow, we reverse the decision of the trial judge.

I

Channel Master, a New York corporation whose principal place of business as alleged in the complaint is Johnson (sic) County, North Carolina, is a wholly owned subsidiary of Avnet, Inc. Avnet is a New York corporation whose principal place of business is New York State. Channel Master purchased a waste site located in Oxford from JFD, a North Carolina corporation, in 1980. Channel Master also owns a manufacturing facility in Ellenville, New York. AMICO and the insurance companies entered into liability insurance contracts with Avnet for primary and excess liability. Channel Master is a named insured under some or all of the policies.

AMERICAN MOTORISTS INS. CO. v. AVNET, INC.

[98 N.C. App. 385 (1990)]

Channel Master was subsequently notified that it was a potentially responsible party for pollution at the site in Oxford and the site in New York. Avnet and Channel Master are arguing that the insurance companies from which they purchased primary and excess insurance should pay the costs of investigating and defending the environmental actions. AMICO contends that it is not obligated to Avnet under the policies because there is no "suit" against Avnet and that the environmental actions do not fall within the language of the policies which provide for insurance where a claim for damages is based on property damage or bodily injury. AMICO further contends that the environmental claims are not an "occurrence" within the meaning of the policies, that the "pollution exclusion" excludes claims arising from environmental hazards and that it was not notified of the environmental contamination at the site "as soon as practicable." The other insurance companies have also disputed that they are obligated to provide any such coverage.

Avnet brought an action for declaratory judgment in New York. The Supreme Court of the State of New York dismissed Avnet's and Channel Master's claims with regard to the Oxford site. AMICO then sought relief under the North Carolina Declaratory Judgment Act, N.C. Gen. Stat. Art. 26, Sec. 1253 (1983). The action was stayed under N.C. Gen. Stat. Sec. 1-75.12 (1983) pending the final resolution of the New York action through all allowable appeals. AMICO appeals that determination.

II

N.C. Gen. Stat. Sec. 1-75.12 provides,

(a) When Stay May be Granted.— If, in any action pending in any court of this State, the judge shall find that it would work substantial injustice for the action to be tried in a court of this State, the judge on motion of any party may enter an order to stay further proceedings in the action in this State. A moving party under this subsection must stipulate his consent to suit in another jurisdiction found by the judge to provide a convenient, reasonable and fair place of trial.

In this case, the trial judge granted the stay based upon the doctrine of prior action pending: ". . . the pending of a prior action between the same parties for the same cause of action in a court of competent jurisdiction works an abatement of a subsequent ac-

tion either in the same court or another court of the same state having jurisdiction." *Shore v. Brown*, 324 N.C. 427, 429, 378 S.E.2d 778, 779 (1989). This case does not involve an action in another court in this state but involves a separate action in another state from which claims arising from the site in this state have been dismissed. The claims involving the Oxford site had been dismissed by the New York court. As there is no prior action pending, the stay of AMICO's request for declaratory relief was improperly granted.

Furthermore, assuming *arguendo* that the New York court had not dismissed the North Carolina claims, the second requirement of Section 1-75.12 is that the party moving for a stay must stipulate consent to suit in another jurisdiction which will "provide a convenient, reasonable and fair place of trial." We first note that North Carolina courts cannot force New York courts to accept the North Carolina claims and Avnet did not consent to some other jurisdiction. Thus, the stay was improperly entered.

Second, the question of interpretation of the contracts between Avnet, Channel Master and the insurance companies, involves questions of fact concerning the Oxford site and whether the facts which gave rise to the environmental agency actions are of a nature contemplated by the contracts for insurance. There is nothing in the record to suggest that North Carolina is an inconvenient forum for the adjudication of these claims. We therefore find that the stay of AMICO's action for declaratory relief was improperly granted and that it should be reversed.

### III

For the foregoing reasons, the order of the trial judge granting a stay of AMICO's action is

Reversed and this cause is

Remanded for further proceedings.

Judges ARNOLD and LEWIS concur.