HENRY LONDON ANDERSON, JR., and, wife, FRANCES W. ANDERSON Plaintiffs,
v.
LEE CROUCH, MARGARET COLLINS, JAMES E. WALLACE, JR. and INTRACOASTAL REALTY CORP., Defendants.
No. COA07-1319
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
di Santi, Watson, Capua & Wilson, by Anthony S. di Santi, for plaintiffs-appellees.
Teague, Campbell, Dennis & Gorham, L.L.P., by Henry W. Gorham, Christopher G. Lewis, and Gregory S. Horner; and Marshall, Williams & Gorham, L.L.P., by William Robert Cherry, Jr., for defendants-appellants.
WYNN, Judge.
When a prior action is pending, a subsequent action is abated if the two actions present a substantial identity as to the parties, subject matter, issues involved, and relief demanded.[1] Here, Defendants argue the trial court erred by refusing to grant their motion to dismiss when Plaintiffs had the same claims pending in a third-party action. Because Plaintiffs' third-party claims for unfair and deceptive trade practices and fraud were no longer pending in the third-party action, we affirm the denial of Defendants' motion to dismiss.

The Prior Pending Action
This case involves two separate actions that stem from a real estate dispute between Steven and Nancy Hight ("Hights"), and Henry and Frances Anderson ("Andersons") Hight v. Anderson v. Crouch. On 9 July 2004, the Hights filed a complaint against the Andersons alleging that the Andersons refused to transfer land to the Hights after contracting to sell it to them.
In response, the Andersons answered and counterclaimed. Additionally, the Andersons brought a third-party action alleging breach of contract, breach of fiduciary duty, mutual mistake of material fact, and unfair and deceptive trade practices, against Lee Crouch, Margaret Collins, and Intracoastal Realty Corporation  the real estate agents and company that listed the Andersons' property. In the third-party complaint, the Andersons sought indemnification and contribution, attorneys' fees, and damages for unclear title, diminished value of the property, and loss of rental income. On 11 February 2005, Mr. Crouch, Ms. Collins, and Intracoastal Realty answered the Andersons' third-party complaint and counterclaimed against the Andersons.
On 12 February 2007, Mr. Crouch, Ms. Collins, and Intracoastal Realty moved to dismiss the Andersons' third-party complaint pursuant to Rule 12(b)(6). On 21 February 2007, the Andersons filed a motion to dismiss the third, fourth, and fifth causes of action from the Hights' complaint. By order dated 12 March 2007, the trial court denied the motion to dismiss the third-party complaint, but granted the Andersons' motion to dismiss the Hights' three claims. Thus, the only remaining claims from the Hight v. Anderson v. Crouch action are for specific performance and breach of contract, and the third-party action.

The Present Action
On 21 March 2007, the Andersons commenced the current action, Anderson v. Crouch, by filing a complaint against Defendants Mr. Crouch, Ms. Collins, Intracoastal Realty, and James Wallace, a real estate agent and president of Intracoastal Realty. The primary basis for the Andersons' claims is that Defendants should not have provided an offer to purchase and contract that was insufficient to cover the indebtedness on the property. The Andersons alleged breach of contract, negligence, breach of fiduciary duty, fraud, and unfair and deceptive trade practices against each defendant. The Andersons sought treble damages, damages for cloud on title, loss of increased value of the property, loss of prospective sale, payments made on existing indebtedness, loss of rental income, real estate taxes, property insurance premiums, attorneys' fees, and expert witness fees. On 12 April 2007, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) under the prior pending action doctrine. By order entered 13 June 2007, the trial court denied Defendants' motion to dismiss and granted the Andersons' motion to consolidate the two actions, Hight v. Anderson v. Crouch and Anderson v. Crouch. On appeal, Defendants argue the trial court erred by refusing to grant their motion to dismiss pursuant to Rule 12(b)(6), which was brought under the prior pending action doctrine.[2] "A motion to dismiss made pursuant to G.S. 1A-1, Rule 12(b)(6) tests the legal sufficiency of the complaint."Harris v. NCNB Nat. Bank of North Carolina, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987) (citing Sutton v. Duke, 277 N.C. 94, 176 S.E.2d 161 (1970)). In reviewing the denial of a motion to dismiss "[t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." Id. (citation omitted).
Regarding the prior pending action doctrine, we have explained:
When a prior action is pending between the same parties, affecting the same subject matter in a court within the state or the federal court having like jurisdiction, the subsequent action is wholly unnecessary and therefore, in the interest of judicial economy, should be subject to a plea in abatement.
State ex rel. Onslow Cty. v. Mercer, 128 N.C. App. 371, 375, 496 S.E.2d 585, 587 (1998) (citations omitted). In determining whether the parties and causes are the same for the purpose of abatement, the ordinary test is: "Do the two actions present a substantial identity as to parties, subject matter, issues involved and relief demanded." Id., 496 S.E.2d at 588 (citation omitted). The prior pending action doctrine has also been applied to cases involving a direct action and a subsequent third-party action, or vice versa. In Shore v. Brown, our Supreme Court held that the third-party claim was abated because "[w]hen the third-party complaint was filed . . . that identical issue was already pending in a prior action between the same parties[.]" 324 N.C. 427, 429, 378 S.E.2d 778, 779 (1989).
Additionally, Rule 14 of our Rules of Civil Procedure addresses third-party actions and states that "any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." N.C. Gen. Stat. § 1A-1, Rule 14 (2007) (emphasis added). "[T]he basic rule which has evolved to control impleadings permits impleading only when the claim by the third-party plaintiff is for: (1) [c]ontribution against an alleged joint tortfeasor . . . or (2) indemnification. . . ." Id. at cmt.
Here, Defendants argue that the present action should have been dismissed because the claims in the Andersons' third-party complaint and in the direct action present a substantial identity as to the parties, subject matter, issues involved, and relief demanded. We disagree. In this case, at the time the Andersons commenced the direct action, Anderson v. Crouch, the trial court had dismissed three of the Hights' claims against the Andersons in the Hight v. Anderson v. Crouch action. Thus, the only remaining claims from the Hights' complaint were for specific performance and breach of contract. As the third-party plaintiffs in the Hight v. Anderson v. Crouch action, once the Hights' claims for unfair and deceptive trade practices and fraud were dismissed, the Andersons could no longer maintain a third-party action against Mr. Crouch, Ms. Collins, and Intracoastal Realty for contribution and indemnity on those claims. See id. at Rule 14. Thus, the Andersons were permitted to maintain a direct action against Defendants for unfair and deceptive trade practices and fraud.
Although the Andersons' third-party action and direct action involve the same subject matter and parties, with the exception of Mr. Wallace, at the time the Andersons initiated the present action, they could no longer maintain a third-party action for unfair and deceptive trade practices and fraud; thus, the issues were no longer pending.Cf. Shore, 324 N.C. at 429, 378 S.E.2d at 779 (stating that when the third-party complaint was filed, the identical issue was already pending in a direct action between the parties). Accordingly, we conclude that the trial court properly denied Defendants' motion to dismiss.
Affirmed.
Judges CALABRIA and GEER concur.
Report per rule 30(e).
NOTES
[1] State ex rel. Onslow Cty. v. Mercer, 128 N.C. App. 371, 375, 496 S.E.2d 585, 587-88 (1998) (citations omitted).
[2] We note that although this appeal is interlocutory, a trial court's denial of a motion to dismiss based on a prior pending action is immediately appealable. See Atkins v. Nash, 61 N.C. App. 488, 489, 300 S.E.2d 880, 881 (1983) (stating that our Supreme Court has allowed immediate review of the denial of a motion to dismiss on the ground of a prior action pending).