LIAM PATRICK WALLIS, individually, PLANTATION PROPERTY MANAGEMENT, LLC and LIAM PATRICK WALLIS, as representative shareholder on behalf of CHARTWELL HOMES, INC., Plaintiffs,
v.
ANDREW CAMBRON, RICHARD M. GREENE, and BIG BALD MOUNTAIN, LLC, Defendants.
No. COA08-481
Court of Appeals of North Carolina.
Filed December 2, 2008
This case not for publication
Forman Rossabi Black, P.A., by Amiel J. Rossabi and Emily J. Meister, for plaintiff-appellants.
Mary K. Nicholson for Andrew Cambron and Big Bald Mountain, LLC. defendant-appellees
Richard M. Greene pro se.
BRYANT, Judge.
Plaintiffs Liam Wallis, individually and as representative shareholder on behalf of Chartwell Homes, Inc., and Plantation Property Management, LLC, (PPM) appeal from an order entered 22 January 2008, which dismissed plaintiffs' amended complaint filed 7 November 2007 and abated the notice of lis pendens attached to the complaint. For the reasons stated, we affirm the trial court. Plaintiffs filed a complaint on 26 February 2007 and amended it 9 November 2007 to allege four causes of action. Plaintiffs alleged that in 1999 or 2000 Defendant Andrew Cambron began to solicit Wallis to enter a joint venture for the purpose of acquiring, developing, and selling real estate. Cambron was an officer and shareholder of Chartwell Homes, Inc. Cambron and Wallis entered into an agreement which made Cambron responsible for raising capital, soliciting investors, and marketing. Wallis was responsible for development of real estate for residential and commercial purposes.
Wallis alleged that pursuant to the agreement he was to be president and a 40% shareholder of Chartwell, and he would become member/manager of limited liability companies (LLCs) formed to acquire, develop, and sell real estate to Chartwell.
Per the allegations of the complaint, Cambron refused to share with Wallis any documents regarding formation of the LLCs, conveyance of the properties from the LLCs to Chartwell, minutes of meetings, and other resolutions of Chartwell. Plaintiffs further alleged that Cambron conveyed properties, which constituted corporate opportunities to Chartwell, to entities other than Chartwell which Cambron controlled; and that Cambron refused to convey to Chartwell a property known as "Big Bald Mountain," covering approximately 730 acres owned by Big Bald Mountain, LLC. A notice of lis pendens was filed for Big Bald Mountain contemporaneous with plaintiffs' initial complaint. Plaintiffs alleged that Greene, an officer and corporate counsel for Chartwell who on occasion acted as personal attorney for Wallis, used knowledge obtained pursuant to attorney-client communications with Wallis to further the interests of Cambron to the detriment of Wallis and Chartwell.
Around December 2003, Wallis formed PPM for the purpose of marketing properties owned by Chartwell. But, plaintiffs alleged that Cambron sabotaged potential agreements set up though PPM and defamed Wallis by making false statements regarding Wallis' past, present, and future business and personal conduct, his qualifications and skill.
For these reasons, plaintiffs brought the following four causes of action: (I) breach of contract, as to Cambron; (II & III) shareholder derivative claims against Cambron and Greene; and (IV) imposition of an equitable, parole or resulting trust.
Defendants answered Wallis's amended complaint and raised the affirmative defense of failure to set forth claims upon which relief could be granted rendering Wallis's amended complaint subject to dismissal pursuant to the North Carolina Rules of Civil Procedure, Rule 12(b)(6). Defendants alleged that plaintiffs claims for (I) breach of contract, (II & III) derivative shareholder claims, and (IV) imposition of trust were asserted in a pending action filed by plaintiffs in Guilford County Superior Court before the Honorable Lindsay R. Davis, Jr.
Defendants asserted that Judge Davis denied defendants' motion to dismiss the breach of contract claim but dismissed the derivative shareholder claims and the claim for an imposition of trust. In response to the dismissal, plaintiffs filed a Rule 60 motion for relief, which was subsequently denied. Defendants also asserted that on 7 November 2007, plaintiffs filed a notice of appeal to the North Carolina Court of Appeals from Judge Lindsay's order.[1]
Defendants argued that claim (I) of plaintiffs' amended complaint was filed by plaintiffs as part of their Guilford County lawsuit and should be barred on the grounds that the claim was still pending in a previous action. Furthermore, plaintiffs' claims (II), (III), and (IV) of the current action were barred by the doctrine of res judicata in that plaintiffs were attempting to relitigate the very same claims determined against them in the Guilford County lawsuit. Alternatively, defendants asserted that plaintiffs' claims (II), (III), and (IV) were barred by the doctrine of estoppel by judgment and/or the doctrine that prohibits one superior court judge from overruling the decision of another superior court judge. Defendants also moved to cancel plaintiffs' notice of lis pendens filed for Big Bald Mountain, LLC in Mitchell County.
On 22 January 2008, after a hearing on defendants' joint motion to dismiss and cancel lis pendens, the trial court allowed defendants' motion to dismiss based on the doctrines of resjudicata, estoppel by judgment, prior pending action and the prohibition of one superior court judge overruling the decision of another superior court judge. Furthermore, the trial court found that the action which formed the basis of the notice of lis pendens was abated as a result of the trial court granting defendants' motion to dismiss. Plaintiff Wallis, both individually and as representative shareholder on behalf of Chartwell, appeals.
On appeal, Wallis raises three issues: whether the trial court erred in dismissing plaintiffs' amended complaint and notice of lis pendens based on (I) the doctrine of res judicata and collateral estoppel, (II) prior pending action, and (III) the prohibition of one superior court judge overruling the decision of another superior court judge. Because it is dispositive, we address only issue II.

II
Plaintiffs argue that the trial court erred in dismissing plaintiffs' amended complaint and notice of lis pendens based on a prior pending action. We disagree.
"The pendency of a prior action between the same parties for the same cause in a state court of competent jurisdiction works an abatement of a subsequent action either in the same court or in another court of the state having like jurisdiction." Clark v. Craven Regional Med. Auth., 326 N.C. 15, 20, 387 S.E.2d 168, 171 (1990) (citations omitted). "When a prior action is pending between the same parties, affecting the same subject matter in acourt within the state or the federal court having like jurisdiction, the subsequent action is wholly unnecessary and therefore, in the interest of judicial economy, should be subject to a plea in abatement." State ex rel. Onslow County. v. Mercer, 128 N.C. App. 371, 375, 496 S.E.2d 585, 587 (1998) (citations omitted). "Under North Carolina law, to prevail in a plea in abatement, a defendant must show that the parties, subject matter, issues and relief sought are the same in both the present and prior actions." Id. at 372, 496 S.E.2d at 586 (citation omitted).
Here, defendants, in their joint motion to dismiss and motion to cancel lis pendens, presented the trial court with the amended complaint entitled Liam Patrick Wallis, individually, Plantation Property Management, LLC and Liam Patrick Wallis, as representative shareholder on behalf of Chartwell Homes, Inc. vs. Andrew Cambron, Richard M. Greene, Bay Point, LLC and Big Bald Mountain, LLC, 06 CVS 10325 filed in Guilford County Superior Court in 2007. In the Guilford County complaint, plaintiffs alleged substantially the same facts and raised twelve causes of action, including the following: (III) breach of contract as to defendant Cambron, (VIII & IX) shareholder derivative claim against defendants Cambron and Greene, and (XII) that "an equitable, parole or resulting trust has been created whereby the LLC's are trustees of [Bay Point Properties, Loop Road Property, Hardesty Woods, North River, and Big Bald Mountain] and the LLC's are compelled to transfer title to such properties to Chartwell." The trial court in the instant case took judicial notice of said complaint. In the amended complaint in the current action, plaintiffs assert the following causes of action: (I) breach of contract as to defendant Cambron, (II & III) shareholder derivative claim against defendants Cambron and Green, and (IV) the imposition of a trust, alleging that "an equitable parole or resulting trust has been created whereby the LLC's are trustees of [Big Bald Mountain], and the LLC's are compelled to transfer title to such properties to Chartwell."
In both the instant action and the complaint filed in Guilford County Superior Court, plaintiffs request damages in excess of $10,000 and that the property held by Big Bald Mountain, LLC be transferred to Chartwell.
As the parties, subject matter, issues, and relief sought in the instant action are encompassed by the parties, subject matter, issues, and relief sought in the Guilford County action under Liam Patrick Wallis, individually, Plantation Property Management, LLC and Liam Patrick Wallis, as representative shareholder on behalf of Chartwell Homes, Inc. vs. Andrew Cambron, Richard M. Greene, Bay Point, LLC and Big Bald Mountain, LLC, 06 CVS 10325, we hold the trial court did not err in dismissing plaintiffs' complaint and abating the notice of lis pendens.
Affirmed.
Judges WYNN and ARROWOOD concur.
Report per Rule 30(e).
NOTES
[1] See North Carolina Court of Appeals opinion Wallis v. Cambron, ___ N.C. App. ___, ___ S.E.2d ___ (2008) (COA #08-178) (filed simultaneously with the instant case) dismissing in part and affirming in part the order of the trial court entered in Guilford County Superior Court.