IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1069

 Filed: 3 September 2019

Durham County, No. 11 CVS 5051

FRANKIE DELANO WASHINGTON and FRANKIE DELANO WASHINGTON, JR.,
Plaintiffs,

 v.

TRACEY CLINE, ANTHONY SMITH, WILLIAM BELL, JOHN PETER, ANDRE T.
CALDWELL, MOSES IRVING, ANTHONY T. MARSH, EDWARD SARVIS,
BEVERLY COUNCIL, STEVEN CHALMERS, PATRICK BAKER, THE CITY OF
DURHAM, NC, and THE STATE OF NORTH CAROLINA, Defendants.

 Appeal by Plaintiff from order entered 11 May 2018 by Judge C. Winston

Gilchrist in Durham County Superior Court. Heard in the Court of Appeals 24 April

2019.

 Ekstrand & Ekstrand LLP, by Robert Ekstrand and Stefanie Smith, for
 Plaintiff-Appellant.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Kathryn
 H. Shields, for Defendants-Appellees.

 COLLINS, Judge.

 Plaintiff Frankie Delano Washington (“Plaintiff”) appeals from an order

granting Defendants Tracey Cline and the State of North Carolina’s (“Defendants”)

motion for summary judgment pursuant to North Carolina Rule of Civil Procedure

56, denying Plaintiff’s motion for partial summary judgment, and dismissing

Plaintiff’s claims. Plaintiff contends that the trial court erred by granting Defendants
 WASHINGTON V. CLINE

 Opinion of the Court

and denying Plaintiff summary judgment on his cause of action seeking injunctive

relief and money damages directly under Article I, section 18, of the North Carolina

Constitution for harms he allegedly suffered as a result of the deprivation of his right

to a speedy trial thereunder. We affirm.

 I. Background

 Plaintiff was arrested in 2002 as a suspect in a Durham home invasion that

involved an armed robbery and an attempted sexual assault. Plaintiff was held in

custody for over a year following his arrest pending investigation by the State Bureau

of Investigation (“SBI”) of various articles of evidence. Plaintiff was eventually

released from jail on bond, and moved the trial court twice to compel SBI analysis of

the State’s evidence. The trial court ordered the SBI to conduct the analysis in 2004,

but the SBI was never notified of the trial court’s order. Plaintiff moved to dismiss

the charges in 2005 for violation of his right to a speedy trial, but the trial court

denied Plaintiff’s motion. In February 2007, approximately four years and nine

months following his arrest, Plaintiff was tried and convicted of various offenses in

connection with the home invasion.

 Plaintiff appealed the convictions to this Court, and on 2 September 2006, in

State v. Washington, 192 N.C. App. 277, 665 S.E.2d 799 (2008), this Court concluded

that Plaintiff had been deprived of his right to a speedy trial as guaranteed by the

 -2-
 WASHINGTON V. CLINE

 Opinion of the Court

United States and North Carolina Constitutions, vacated the convictions, and

dismissed the underlying indictments with prejudice.

 On 21 September 2011, Plaintiff1 sued the State of North Carolina, the City of

Durham, and various individuals who worked for the SBI, the Durham Police

Department, and the Durham County District Attorney’s Office (including Defendant

Cline, the principal prosecutor of Plaintiff’s criminal case) for a permanent injunction

and money damages to redress harms allegedly suffered in connection with Plaintiff’s

pre-trial detention, investigation, and prosecution. In his complaint, Plaintiff

brought 23 causes of action, including a direct cause of action under the North

Carolina Constitution against Defendant Cline in her official capacity as District

Attorney and Assistant District Attorney for North Carolina’s Fourteenth

Prosecutorial District, seeking redress for harms allegedly caused by, inter alia, the

denial of Plaintiff’s right to a speedy trial as guaranteed by North Carolina

Constitution Article I, section 18 (the “direct constitutional claim”).

 On 11 January 2012, Defendants moved to strike and dismiss the complaint

pursuant to N.C. Gen. Stat. § 1A-1, Rules 8, 10, and 12. On 9 February 2012, Plaintiff

moved for partial summary judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 56,

including on his direct constitutional claim. On 5 August 2016, the trial court entered

an order that, in relevant part, denied Defendants’ motion to dismiss Plaintiff’s direct

 1 Plaintiff’s son was also a plaintiff in the underlying proceedings in this case, but is not a
party to this appeal.

 -3-
 WASHINGTON V. CLINE

 Opinion of the Court

constitutional claim, and reserved ruling on Plaintiff’s motion for summary judgment

on the same. On 13 September 2017, Defendants moved for summary judgment

pursuant to Rule 56 on the remaining claims, including on Plaintiff’s direct

constitutional claim.

 On 11 May 2018, the trial court entered an order granting Defendants’ motion

for summary judgment on all remaining claims (including the direct constitutional

claim), denying Plaintiff’s motion for partial summary judgment on the same, and

dismissing all remaining claims as to all defendants.

 Plaintiff timely appealed.

 II. Discussion

 On appeal, Plaintiff contends that the trial court erred by granting Defendants’

and denying Plaintiff’s respective motions for summary judgment on Plaintiff’s direct

claim under North Carolina Constitution Article I, section 18, for the deprivation of

his right to a speedy trial.

 Summary judgment is proper “if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that any party is entitled to a

judgment as a matter of law.” N.C. Gen. Stat. § 1A-1, Rule 56 (2018). We review a

trial court’s order granting or denying summary judgment de novo. Variety

Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 365 N.C. 520, 523, 723 S.E.2d

 -4-
 WASHINGTON V. CLINE

 Opinion of the Court

744, 747 (2012). “If the granting of summary judgment can be sustained on any

grounds, it should be affirmed on appeal.” Shore v. Brown, 324 N.C. 427, 428, 378

S.E.2d 778, 779 (1989).

 North Carolina Constitution Article I, section 18, sets forth that “[a]ll courts

shall be open; every person for an injury done him in his lands, goods, person, or

reputation shall have remedy by due course of law; and right and justice shall be

administered without favor, denial, or delay.” N.C. Const. art. I, § 18. Our Supreme

Court has said that “[e]very person formally accused of crime is guaranteed a speedy

and impartial trial by Article I, section 18 of the Constitution of this State and the

Sixth and Fourteenth Amendments of the Federal Constitution.” State v. Tindall,

294 N.C. 689, 693, 242 S.E.2d 806, 809 (1978). If a criminal defendant establishes

that he has been deprived of his right to a speedy trial, any convictions secured in

connection therewith must be vacated, and the underlying indictments dismissed.

State v. Washington, 192 N.C. App. 277, 298, 665 S.E.2d 799, 812 (2008) (concluding

right to speedy trial violated; “As such, we must vacate defendant’s convictions and

dismiss all charges with prejudice.”); Barker v. Wingo, 407 U.S. 514, 522 (1972) (“The

amorphous quality of the right also leads to the unsatisfactorily severe remedy of

dismissal of the indictment when the right has been deprived.”).

 As mentioned above, this Court already concluded in Plaintiff’s criminal case

that Plaintiff was deprived of his right to a speedy trial, and vacated his convictions

 -5-
 WASHINGTON V. CLINE

 Opinion of the Court

and dismissed the underlying indictments accordingly. Washington, 192 N.C. App.

at 298, 665 S.E.2d at 812. Defendants argue that, as a result, Plaintiff has received

the “only possible remedy” available for the violation of his constitutional right to a

speedy trial, and Defendants support their argument by citing to a number of

criminal cases.

 Defendants are correct that, in the context of his criminal prosecution, Plaintiff

has already received the only acceptable remedy for the violation of the speedy trial

right. Barker, 407 U.S. at 522. But this is a civil lawsuit, not a criminal prosecution,

and Plaintiff here seeks not to overturn his criminal convictions, but to redress harms

he allegedly suffered as a result of the denial of his right to a speedy trial. The

holdings from the criminal cases cited by Defendants are not applicable in the civil

context. See Hart v. Mannina, 798 F.3d 578, 595 n.4 (7th Cir. 2015) (noting that in

Barker, “the Supreme Court said that dismissal of the charges was the ‘only possible

remedy,’ but it said this in a direct criminal appeal where the prosecutor had argued

that less drastic remedies such as applying the exclusionary rule to certain evidence

or granting a new trial would be more appropriate than outright dismissal. The Court

had no occasion to consider whether damages are available in a civil case” under

federal law (citation omitted)).

 In this civil lawsuit, Plaintiff invokes this Court’s conclusion that his

constitutional right to a speedy trial was violated in seeking to redress harms

 -6-
 WASHINGTON V. CLINE

 Opinion of the Court

allegedly caused by his constitutionally-deficient detention, investigation, and

prosecution, including a permanent injunction and money damages for “economic

loss, physical harm, emotional trauma, loss of liberty, loss of privacy, loss of education

and training, loss of earning capacity, and irreparable harm to his reputation,” as

well as various costs and expenses he allegedly incurred in connection with his

defense. However, Plaintiff cites no legal authority recognizing a private cause of

action by which one deprived of his right to a speedy trial under North Carolina

Constitution Article I, section 18, can sue for injunctive relief and/or money damages

in connection with harms allegedly suffered because of the constitutional violation,

and we are aware of no such authority. Accordingly, Plaintiff in essence asks us to

recognize a new right to relief, and therefore presents us with a question of first

impression.

 In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S.

388 (1971), the United States Supreme Court held that victims of a violation of the

Fourth Amendment to the United States Constitution caused by a federal agent can

sue the agent in federal court for damages despite the absence of any statute creating

such a cause of action. Id. at 389. The Bivens Court allowed the petitioner in that

case to sue for the violation of the Fourth Amendment right to be free from

unreasonable searches and seizures, and thereby recognized the first so-called Bivens

cause of action. Id.

 -7-
 WASHINGTON V. CLINE

 Opinion of the Court

 Since Bivens was decided in 1971, the Supreme Court has extended its holding

only twice, to alleged violations of the Fifth Amendment, see Davis v. Passman, 442

U.S. 228, 248-49 (1979), and the Eighth Amendment, see Carlson v. Green, 446 U.S.

14, 23-24 (1980). The Supreme Court has expressly declined to recognize a Bivens

cause of action for alleged violations of the First Amendment. See Bush v. Lucas, 462

U.S. 367, 390 (1983).

 Bivens has never been extended to allow a claim for damages in connection

with the deprivation of the right to a speedy trial as guaranteed by the Sixth

Amendment. See Witchard v. Keith, No. 6:10-cv-474-Orl-31GJK, 2011 U.S. Dist.

LEXIS 7620, at *10 (M.D. Fla. Jan. 26, 2011) (“The Supreme Court has not expressly

extended Bivens liability to Sixth Amendment claims.”); see also Corr. Servs. Corp. v.

Malesko, 534 U.S. 61, 68 (2001) (“Since Carlson we have consistently refused to

extend Bivens liability to any new context or new category of defendants.”). And some

federal courts have expressly rejected such a cause of action. See Patterson v. Hinds

Cty., Miss., No. 3:13-CV-432-CWR-FKB, 2016 U.S. Dist. LEXIS 172814, at *12-13

(S.D. Miss. June 10, 2016) (holding that the damages sought by a plaintiff suing in

connection with the violation of his speedy trial right are “simply foreclosed by law”);

Bauman v. Hidalgo Cty., Tex., No. M-04-145M-04-145, 2005 U.S. Dist. LEXIS 48355,

at *16 n.1 (S.D. Tex. July 6, 2005) (“While the Constitution does afford a person a

constitutional right to a speedy trial, the remedy for a violation is dismissal of any

 -8-
 WASHINGTON V. CLINE

 Opinion of the Court

criminal charges, not money damages.”). Consistent with federal case law, we decline

to recognize a private cause of action in connection with the deprivation of the right

to a speedy trial as guaranteed by Article I, section 18 of our North Carolina

Constitution.

 As a result of the deprivation of his right to a speedy trial, in his criminal case,

Plaintiff successfully petitioned this Court to vacate his convictions and dismiss the

underlying indictments with prejudice. Invoking the same right, in this civil case,

Plaintiff brought a number of claims seeking injunctive relief and damages, but the

trial court dismissed those claims. Following the trial court’s ruling, Plaintiff

appealed only the dismissal of his direct claim under the North Carolina Constitution.

Regardless of whether Plaintiff could have established a claim for injunctive relief or

damages under one of his other legal theories,2 since he has appealed only the

dismissal of his direct constitutional claim, our conclusion that no private cause of

action for injunctive relief or damages lies in connection with the deprivation of the

right to a speedy trial as guaranteed by Article I, section 18 of the North Carolina

Constitution mandates the corresponding conclusion that Plaintiff has placed before

us no right to relief which the trial court could have recognized.

 III. Conclusion

 2 Because Plaintiff has not appealed the trial court’s decisions regarding any of his causes of
action except his direct constitutional claim, and because we decline to recognize the right to relief
that Plaintiff suggests, we have no occasion to analyze the parties’ arguments concerning other causes
of action that might have been available to Plaintiff.

 -9-
 WASHINGTON V. CLINE

 Opinion of the Court

 Because we decline to recognize the private cause of action that Plaintiff seeks

to bring, we conclude that the trial court did not err by granting Defendants’ motion

for summary judgment on Plaintiff’s direct constitutional claim, or by denying

Plaintiff’s motion for summary judgment on the same.

 AFFIRMED.

 Judges BRYANT and STROUD concur.

 - 10 -