NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, PLAINTIFF V. FAYE MORGAN ALLEN, ADMINISTRATRIX OF THE ESTATE OF EDGAR LEWIS ALLEN AND JOE HAMPTON YOW, DEFENDANTS

No. COA00-1407

(Filed 16 October 2001)

**1. Appeal and Error— record on appeal—inclusion of defendant's deposition**

The trial court did not err by allowing defendant's deposition to be included in the record on appeal from summary judgment for plaintiff insurance company in a declaratory judgment action

N.C. FARM BUREAU MUT. INS. CO. v. ALLEN

[146 N.C. App. 539 (2001)]

to determine whether plaintiff was required to defend and indemnify an insured in a personal injury action brought by an individual based on the insured shooting the individual, because: (1) there is no definitive indication in the record whether the deposition was considered by the trial court in ruling on the parties' opposing motions for summary judgment; and (2) the trial judge's settlement of the record on appeal is final and cannot be reviewed by the appellate court.

**2. Insurance— personal injury action—expected or intended injury exclusionary language**

The trial court did not err by granting summary judgment in favor of plaintiff insurance company in a declaratory judgment action to determine whether the insurance company was required to defend and indemnify the insured in a personal injury action brought by an individual based on the insured shooting the individual, because: (1) the insured's statement to police after the shooting indicated that he shot through the door at someone he saw outside and that the insured shot the individual because he thought he was breaking in; (2) the insured's intentional act of firing his handgun at the individual in close proximity was sufficiently certain to cause injury that the insured should have expected such injury to occur; and (3) the expected or intended injury exclusionary language in the insured's insurance policy precludes coverage for the individual's injuries.

Appeal by defendant Joe Hampton Yow from order entered 21 July 2000 by Judge Melzer A. Morgan, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 19 September 2001.

*Robbins May & Rich L.L.P., by P. Wayne Robbins, for defendant-appellant Joe Hampton Yow.*

*Pinto, Coates, Kyre & Brown, P.L.L.C., by Paul D. Coates and John I. Malone, Jr., for plaintiff-appellee North Carolina Farm Bureau Mutual Insurance Company.*

WYNN, Judge.

Joe Hampton Yow appeals from summary judgment favoring North Carolina Farm Bureau Mutual Insurance Company. We affirm.

Farm Bureau Insurance insured Edgar Lewis Allen providing bodily injury liability coverage "[i]f a claim is made or a suit is

brought against any insured for damages because of bodily injury . . . to which this coverage applies[.]" The policy also provided for payment of "necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury" to persons "on the insured location with the permission of [the] insured[.]" However, the policy excluded such personal liability and medical payments coverage from bodily injury "which is expected or intended by the insured." This appeal concerns the interpretation of this exclusionary language.

Allen owned an unoccupied house in Montgomery County, North Carolina. The house had previously been broken into, and on 4 September 1997, Allen asked Yow to stay with him overnight in the house to guard against a further break-in. Allen took along several firearms, including two handguns and two rifles. At some point during the night, Allen awoke and thought he heard someone outside, possibly an intruder. Allen pointed one of his handguns in the direction of the purported intruder; the gun fired, striking Yow. Yow contends in his brief that Allen fired the gun accidentally, while Farm Bureau Insurance argues that Allen fired the gun intentionally. Furthermore, Farm Bureau Insurance contends that Yow's injuries, even though perhaps not intended by Allen, could nonetheless be reasonably expected to result from the intentional act of firing the gun, and therefore were excluded from coverage under the policy.

Under a declaratory action against Allen[1] and Yow, Farm Bureau Insurance sought a determination of whether it was required to defend and indemnify Allen in a personal injury action brought by Yow based on the shooting. That declaratory judgment action resulted in the trial court granting summary judgment in favor of Farm Bureau Insurance against both Allen and Yow; only Yow appeals to us.[2]

---

1. At the time of this action, Allen was deceased so Farm Bureau Insurance brought this action against his estate through his administratrix, Faye Morgan Allen. The Estate is referred to as "Allen" throughout the opinion.

2. Neither party takes issue with the failure of Allen to appeal from summary judgment. Since Allen did not appeal, the summary judgment declaring that Farm Bureau Insurance has no obligation to provide coverage that would indemnify Allen for potential liability to Yow stands.

As the parties have not raised this issue, and consideration thereof is not necessary to our disposition of this appeal, we do not address whether Yow nonetheless qualifies as a third-party beneficiary such that he alone can directly seek enforcement of the terms of the Farm Bureau Insurance policy. See DeMent v. Nationwide Mutual Ins. Co., 142 N.C. App. 598, 604, 544 S.E.2d 797, 801 (2001) (noting that North Carolina permits "a person to bring an action to enforce a contract to which he is not a party, if he

Yow brings forth the following two assignments of error:

1. The Court erred in granting Plaintiff's Motion for Summary Judgment.

2. The Court erred in allowing [Yow's] Deposition to be included in the Record on Appeal.

At the outset, we note that in his brief, Yow presents a single "Argument" without reference to his assignments of error, in violation of our Rules of Appellate Procedure. *See* N.C.R. App. P. 28(b)(5) (2000) (requiring appellant's brief to *separately* state each question presented, followed by a reference to the pertinent assignment(s) of error, "identified by their numbers and by the pages at which they appear in the printed record on appeal"). Although such a failure to comply with our appellate rules may subject an appeal to dismissal, *Steingress v. Steingress*, 350 N.C. 64, 511 S.E.2d 298 (1999), we exercise our discretion under N.C.R. App. P. 2 (2000), and consider the merits of this appeal. *See Naddeo v. Allstate Ins. Co.*, 139 N.C. App. 311, 533 S.E.2d 501 (2000); *May v. City of Durham*, 136 N.C. App. 578, 525 S.E.2d 223 (2000).

[1] Regarding his second assignment of error, Yow cites *Graham v. Hardee's Food Systems*, 121 N.C. App. 382, 465 S.E.2d 558 (1996), arguing that his deposition should not have been included in the record on appeal as he contends it was not considered by the trial court in ruling upon the parties' opposing motions for summary judgment. In *Graham*, this Court declined to consider additional materials offered by the plaintiff for addition to the record on appeal, where "the transcript show[ed] these materials were not properly tendered for consideration on [the] defendant's motion for summary judgment and were not considered by the trial court." 121 N.C. App. at 386, 465 S.E.2d at 560-61. As the transcript indicated those materials were not part of the official record on appeal, this Court held that they could

demonstrates that the contracting parties intended primarily and directly to benefit him or the class of persons to which he belongs"); *Murray v. Nationwide Mutual Ins. Co.*, 123 N.C. App. 1, 15, 472 S.E.2d 358, 366 (1996) ("[t]he injured party in an automobile accident is an intended third-party beneficiary to the insurance contract between insurer and the tortfeasor/insured party"); *Jefferson-Pilot Life Ins. Co. v. Spencer*, 110 N.C. App. 194, 429 S.E.2d 583 (1993) (finding that wife of insured under life insurance policy was neither a party to the contract nor a third-party beneficiary, and consequently had no standing to sue on the contract). This case begs the question whether an injured third party can *ever* achieve third-party beneficiary status thus entitling him to maintain an action against the insurer, where the insurer has been conclusively deemed to have no liability to the insured. Since that matter has not been addressed by the parties, we reserve our answer to that question for another day.

not be considered by it on appeal. *See id.* (citing N.C.R. App. P. 9 (2000)).

In the instant case, there is no definitive indication in the record whether Yow's deposition was considered by the trial court in ruling on the parties' motions for summary judgment. Farm Bureau Insurance's motion requested entry of summary judgment in its favor on grounds that the materials before the trial court, specifically including "depositions," revealed no genuine issue as to any material fact. However, Farm Bureau Insurance's motion was filed with the trial court on 16 June 2000, several days prior to Yow's deposition on 22 June 2000.

Allen moved for summary judgment on grounds that the materials before the trial court, specifically including "depositions," revealed no genuine issue as to any material fact. This motion was filed with the trial court on 6 July 2000. Nonetheless, this motion specifically asked the trial court to "consider all pleadings in the file, the Plaintiff's responses to the Defendant, Faye Morgan Allen, Administratrix of the Estate of Edgar Lewis Allen, Request for Production of Documents; the [] Affidavit of Faye Morgan Allen and all other documents of record." Noticeably absent is any mention of Yow's deposition testimony.

Lastly, the trial court's 21 July 2000 order granting summary judgment to Farm Bureau Insurance states that the court considered the "depositions," among other materials, and found no genuine issue of material fact. However, we do not deem the trial court's general recitation of the N.C. Gen. Stat. § 1A-1, Rule 56(c) language conclusive on the issue of whether the court considered Yow's deposition testimony in ruling on the motions for summary judgment.

Regardless of the inconclusive nature of the materials in the record on this issue, we take this opportunity to point out that "only the judge of [the] superior court or of [the] district court from whose order or judgment an appeal has been taken is empowered to settle the record on appeal when judicial settlement is required." N.C. Gen. Stat. § 1-283 (1999). This Court has held that "the appellate court is bound by the contents of the record on appeal. The record imports verity and the Court of Appeals is bound thereby." *State v. Hickman,* 2 N.C. App. 627, 630, 163 S.E.2d 632, 633-34 (1968). Where asked to settle the record on appeal, "[t]he trial judge then has both the power and the duty to exercise supervision to see that the record accurately presents the questions on which this Court is expected to rule."

*Conrad v. Conrad*, 252 N.C. 412, 416, 113 S.E.2d 912, 914 (1960). "[T]his Court must receive and act upon the case settled for this Court as importing absolute verity and as it comes from the court below[.] . . . This Court . . . has no authority to suggest to, direct or require the judge, in settling the case, as to . . . what facts he shall state, or what matter he shall set forth." *Boyer v. Teague*, 106 N.C. 571, 573-74, 11 S.E. 330, 330-31 (1890). Thus, the trial judge's settlement of the record on appeal is final, and cannot be reviewed by this Court on appeal. *See State v. Gooch*, 94 N.C. 982 (1886); *State v. Johnson*, 230 N.C. 743, 55 S.E.2d 690 (1949). Appellant's second assignment of error is therefore overruled, and we consider the entire record on appeal, including Yow's deposition testimony, in ruling on the merits of his first assignment of error.

[2] We next consider Yow's argument that the trial court erred in granting summary judgment to Farm Bureau Insurance. With this argument, we disagree.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). The party seeking summary judgment must establish the absence of any triable issue; this burden may be met by (1) proving the nonexistence of an essential element of the opposing party's claim, (2) establishing through discovery that the opponent cannot produce evidence supporting an essential element, or (3) showing that the opposing party cannot overcome an affirmative defense that would bar the claim. *See Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992).

The pertinent issue before us is whether, as a matter of law, the bodily injury inflicted upon Yow by Allen was "expected or intended" by Allen such that it is barred from coverage under Farm Bureau Insurance's policy. We conclude that the policy excludes coverage for Yow's injuries.

"The interpretation of language used in an insurance policy is a question of law, governed by well-established rules of construction." *N.C. Farm Bureau Mut. Ins. Co. v. Mizell*, 138 N.C. App. 530, 532, 530 S.E.2d 93, 95, *disc. review denied*, 352 N.C. 590, 544 S.E.2d 783 (2000). The language used in such policies is subject to judicial con-

struction only where it "is ambiguous and reasonably susceptible to more than one interpretation." *Id.*

In *Mizell*, this Court addressed a factual scenario strikingly analogous to the instant case. There, plaintiff North Carolina Farm Bureau Mutual Insurance Company provided homeowner's insurance coverage to defendant Mizell. One evening Mizell emerged from his house with his rifle, which he fired in the direction of someone running away from his house who he believed to be a prowler. At least one of the bullets fired struck defendant Austin in the head, injuring him; Austin later filed suit against Mizell seeking to recover damages from Mizell for his personal injuries. Subsequently, as in the instant case, Farm Bureau Insurance filed a declaratory judgment action to determine whether the insurance policy covered Mizell's actions.

The insurance policy insuring Mizell excluded coverage for "bodily injury" or "property damage":

a. Which is intended by or which may reasonably be expected to result from the intentional act or omissions or criminal acts or omissions for one or more 'insured' persons. This exclusion applies even if:

. . .

(2) The 'bodily injury' or 'property damage' is of a different kind, quality or degree than intended or reasonably expected[.]

138 N.C. App. at 531, 530 S.E.2d at 94. Mizell's statement to the district attorney indicated that he fired the rifle at a person he believed to be a prowler. Mizell indicated that he fired in the prowler's general direction, meaning only to scare the prowler but not to hit him. *Id.*

This Court affirmed the trial court's grant of summary judgment in Farm Bureau Insurance's favor, stating that "when a person fires multiple shots from a rifle at night in the direction of a prowler who is approximately fifty feet away, that person could reasonably expect injury or damage to result from the intentional act." *Id.* at 533-34, 530 S.E.2d at 95. In so holding, this Court noted that the insurance policy's exclusionary language "suggests the application of an objective standard as opposed to" a subjective one. *Id.* at 533, 530 S.E.2d at 95.

However, even in instances in which an insurance policy's exclusionary language suggests a subjective standard of intent to injure or expectation of injury, this Court has held that an intent to injure may

be inferred as a matter of law from certain acts. *See Erie Ins. Group v. Buckner*, 127 N.C. App. 405, 489 S.E.2d 901 (1997) (interpreting Virginia law but noting the substantial similarities of North Carolina law and finding that "intended or expected" exclusion precluded coverage where insured punched victim in the forehead); *Eubanks v. State Farm Fire and Casualty Co.*, 126 N.C. App. 483, 485 S.E.2d 870, *disc. review denied*, 347 N.C. 265, 493 S.E.2d 452 (1997) (intent to inflict emotional injury may be inferred from solicitation to commit murder, precluding coverage due to "expected or intended" exclusion); *Russ v. Great American Ins. Companies*, 121 N.C. App. 185, 464 S.E.2d 723 (1995), *disc. review denied*, 342 N.C. 896, 467 S.E.2d 905, *and motion to reconsider dismissed*, 343 N.C. 309, 472 S.E.2d 334 (1996) (intent to injure may be inferred from intentional act of sexual harassment). *See also Nationwide Mutual Ins. Co. v. Abernethy*, 115 N.C. App. 534, 445 S.E.2d 618 (1994); *Commercial Union Ins. Co. v. Mauldin*, 62 N.C. App. 461, 303 S.E.2d 214 (1983).

Defendant Yow cites *N.C. Farm Bureau Mut. Ins. Co. v. Stox*, 330 N.C. 697, 412 S.E.2d 318 (1992), and *Miller v. Nationwide Mutual Ins. Co.*, 126 N.C. App. 683, 486 S.E.2d 246 (1997), in support of his contention that the "expected or intended" exclusion in the instant case does not preclude coverage for his injuries resulting from Allen's actions. As in *Mizell*, we distinguish *Stox* and *Miller* in that the insurer in each of those cases failed to show that the insured's action was expected or intended to cause injury or damage.

Similar to *Mizell*, in the instant case, Allen's statement to police after the shooting indicated that he "shot through the door" at someone he saw outside. Allen also advised police that "he had shot Joe Yow because he thought he was breaking in on him." According to Yow's deposition, he could clearly see Allen approximately three feet away through the door when Allen shot him. We hold that Allen's intentional act of firing his handgun at Yow, in close proximity, was sufficiently certain to cause injury that Allen should have expected such injury to occur. *See Eubanks; Russ; Mauldin; Mizell.* Accordingly, the "expected or intended" exclusionary language in Allen's insurance policy with Farm Bureau Insurance precludes coverage for Yow's injuries. The trial court's grant of summary judgment in favor of Farm Bureau Insurance is therefore,

Affirmed.

Judges McCULLOUGH and BRYANT concur.