NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff v. KELLY DOUGLAS and JERRY FOGLEMAN, Defendants

No. COA01-52

(Filed 28 December 2001)

**1. Abatement— declaratory judgment—no insurance coverage as a matter of law—judgment in second action affirmed**

The trial court correctly granted judgment on the pleadings for plaintiff in a declaratory judgment action in Wake County where defendant had filed an action seeking adjudication of the same issues three and one-half hours earlier in Carteret County. Plaintiff's policy, as a matter of law, excludes coverage for defendant's injuries and the pleadings filed in Wake County would

NATIONWIDE MUT. INS. CO. v. DOUGLAS

[148 N.C. App. 195 (2001)]

as a matter of law yield the same result at either venue. Although it ran contrary to the general rule of abatement, the court's ruling nonetheless served the notions of judicial economy upon which the abatement doctrine was founded.

2. **Insurance— homeowners—personal liability—secret videotaping—intentional act—exclusion from coverage**

A homeowners insurance policy which excluded coverage for any injury "which is intended by or which may reasonably be expected to result from the intentional acts or omissions or ciminal acts or omissions" of the insured did not provide coverage for intentional infliction of emotional distress and intentional invasion of privacy arising from the insured's secret videotaping of a female in the bathroom of the insured's home because the insured's intentional act of secretly videotaping occupants of this bathroom was sufficiently certain to cause injury that the insured should have reasonably expected such injury to occur.

Appeal by defendant Kelly Douglas from judgment entered 18 October 2000 by Judge Abraham Penn Jones in Superior Court, Wake County. Heard in the Court of Appeals 17 October 2001.

*Bailey & Dixon, L.L.P., by Gary S. Parsons and A. John Hoomani, for plaintiff.*

*Harrison, North, Cooke & Landreth, by A. Wayland Cooke, and Bennett, Beswick, McConkey & Marquardt, L.L.P., by George W. Beswick, for defendant-appellant Kelly Douglas.*

WYNN, Judge.

Kelly Douglas appeals from the entry of judgment on the pleadings favoring Nationwide Mutual Insurance Company. We affirm.

The underlying facts show that while Kelly Douglas stayed at a home owned by Jerry Fogleman and insured by Nationwide Insurance, Fogleman secretly videotaped her in the bathroom. Following Fogleman's conviction under the secret peeping statute, N.C. Gen. Stat. § 14-202 (1999), Douglas brought a civil action against him alleging intentional infliction of emotional distress and invasion of privacy (98 CVS 386). Nationwide Insurance defended Fogleman under a reservation of rights, and a jury awarded Douglas compensatory damages in the amount of $33,000.00 and punitive damages in the amount of $50,000.00.

On 30 December 1999, Nationwide Insurance brought a declaratory judgment action in Superior Court, Wake County, seeking relief from any obligation to indemnify Fogleman on the judgment against him. Subsequently, Superior Court Judge A. Leon Stanback, Jr., ordered a change of venue to Carteret County. On 20 June 2000, Nationwide Insurance voluntarily dismissed that action without prejudice under N.C. Gen. Stat. § 1A-1, Rule 41 (1999).

Three days later at 12:54 p.m., Douglas filed a declaratory judgment action in Superior Court, Carteret County seeking an adjudication on the same issues under the action previously dismissed by Nationwide Insurance. About three and one-half hours later, Nationwide Insurance refiled its declaratory judgment action in Superior Court, Wake County.

Notwithstanding notice of the pending action in Carteret County, Superior Court Judge Abraham Penn Jones entered judgment in the Wake County action (1) denying Douglas's motion to dismiss based on the pending action in Carteret County, (2) denying Douglas's alternative motion for change of venue to Carteret County, and (3) granting Nationwide Insurance's Rule 12(c) motion for judgment on the pleadings. We uphold the trial court's judgment.

[1] Douglas argues that the trial court should have dismissed Nationwide Insurance's action in Wake County because she had filed an action about three and one-half hours earlier in Carteret County (00 CVS 726). "Under the law of this state, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's Island*, 326 N.C. 552, 558, 391 S.E.2d 182, 185 (1990) (citing *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E.2d 860 (1952); *Cameron v. Cameron*, 235 N.C. 82, 68 S.E.2d 796 (1952)). *See State ex rel. Onslow County v. Mercer*, 128 N.C. App. 371, 496 S.E.2d 585 (1998). Douglas's motion to dismiss presents essentially the same questions as the outmoded plea of abatement, and was properly raised in her responsive pleading. *See Brooks v. Brooks*, 107 N.C. App. 44, 47, 418 S.E.2d 534, 536 (1992) ("[a] plea in abatement based on a prior pending action . . . is a preliminary motion of the type enumerated in Rule 12(b)(2)-(5) and the time for filing such motion is governed by that rule"); *Lehrer v. Manufacturing Co.*, 13 N.C. App. 412, 185 S.E.2d 727 (1972).

However, in *Mercer*, this Court recognized that the plea of abatement doctrine serves the purpose of avoiding a subsequent action

which is "wholly unnecessary and therefore, in the interest of judicial economy, should be subject to a plea in abatement." 128 N.C. App. at 375, 496 S.E.2d at 587. In this matter, in light of our recent decision in *N.C. Farm Bureau Mut. Ins. Co. v. Allen*, 146 N.C. App. 539, 553 S.E.2d 420 (2001), judgment on the pleadings in favor of Nationwide Insurance would be warranted regardless of whether we allow the Wake County judgment to stand or remand this matter on the basis of the plea of abatement doctrine to be decided in Carteret County. Remanding this matter for abatement of the Wake County action in deference to the Carteret County action would therefore offend the purpose behind the abatement doctrine. Thus, in the interest of judicial economy, we discern no reason to make a technical application of the plea of abatement doctrine to this case since the result under *Allen* would be the same in either county.

[2] In *Allen*, this Court construed an exclusionary provision substantially the same as the language at issue in the instant case. In that case, the homeowner's insurance policy excluded personal liability and medical payments coverage for bodily injury "which is expected or intended by the insured." *Id.* at 541, 553 S.E.2d at 421. Similarly, in the case at bar, Nationwide Insurance's policy excludes insurance coverage for any injury "[w]hich is intended by or which may reasonably be expected to result from the intentional acts or omissions or criminal acts or omissions of" the insured. As in *Allen*, the question before us is whether, as a matter of law, the injuries suffered by Douglas were intended or may reasonably have been expected by Fogleman, such that coverage for those injuries is barred under Nationwide Insurance's policy. We conclude that the policy, as a matter of law, excludes coverage for Douglas's injuries, as Fogleman's intentional act of concealing a video camera in his bathroom and filming its occupants was sufficiently certain to cause injury that Fogleman should have reasonably expected such injury to occur.[1] *See Allen*, 146 N.C. App. at 546, 553 S.E.2d at 424.

In light of this Court's decision in *Allen*, the pleadings in the matter filed in Wake County being the same as those filed in Carteret County would as a matter of law yield the same result at either venue: judgment in favor of Nationwide Insurance. Thus, we conclude that the trial court's failure to abate the action in Wake County in favor of

1. Notably, in the underlying civil case (98 CVS 386) that gave rise to the compensatory and punitive damages for which Nationwide Insurance is being asked to indemnify Fogleman, a jury found Fogleman liable to Douglas for *intentional* infliction of emotional distress and *intentional* invasion of privacy.

the prior filed action in Carteret County, although it ran contrary to the general rule of abatement, nonetheless served the hoary notions of judicial economy upon which the abatement doctrine is founded by effectively avoiding a multiplicity of actions, excess delay and duplicitous costs. *See Mercer*, 128 N.C. App. at 375, 496 S.E.2d at 587.

The trial court's 18 October 2000 judgment on the pleadings for plaintiff is therefore,

Affirmed.

Judges McCULLOUGH and BRYANT concur.