SIGNALIFE, INC., Plaintiff v. RUBBERMAID, INC., NEWELL RUBBERMAID, INC., GARY SCOTT, and DAVID HICKS, Defendants

No. COA08-496

(Filed 21 October 2008)

**Abatement— electronic filing in federal court—filing next morning in superior court**

The trial court properly dismissed plaintiff's amended complaint where a complaint was filed electronically by defendants at 12:25 a.m. in federal court and by plaintiff at 9:01 on the same day in superior court clerk's office. It is undisputed that the actions involve substantially the same issues between substantially the same parties; plaintiff's state action is wholly unnecessary and is subject to abatement. Moreover, judicial economy compels the same result.

Appeal by plaintiff from order entered on or after 8 February 2008 by Judge Albert Diaz in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 September 2008.

*Hamilton Moon Stephens Steele & Martin, P.L.L.C., by Jackson N. Steele and Mark R. Kutny, for plaintiff-appellant.*

*McGuireWoods, L.L.P., by Robert A. Muckenfuss, for defendant-appellees.*

TYSON, Judge.

Signalife, Inc. ("plaintiff") appeals order entered granting Rubbermaid, Inc., Newell Rubbermaid, Inc., Gary Scott, and David Hicks's (collectively, "defendants") motion to dismiss plaintiff's amended complaint filed in Mecklenburg County Superior Court based upon a "prior action pending" in the United States District Court for the Western District of North Carolina. We affirm.

I. Background

Plaintiff is a medical device company which developed a FDA approved electrocardiograph monitoring device called the "Fidelity 100." In 2004, Newell Rubbermaid, Inc. entered into negotiations with plaintiff to acquire the exclusive distribution rights to plaintiff's various technologies. A definitive agreement was not reached at that time. On 26 March 2006, plaintiff, Newell Rubbermaid, Inc., and

**SIGNALIFE, INC. v. RUBBERMAID, INC.**

[193 N.C. App. 442 (2008)]

Rubbermaid, Inc., a subsidary of Newell Rubbermaid, Inc., entered into and signed the 2006 Sales and Marketing Service Agreement ("the agreement").

Subsequently, a dispute arose between the parties regarding their respective obligations under the agreement. The background facts underlying the contention between the parties are disputed and irrelevant for purposes of this appeal. Plaintiff and defendants attempted to negotiate a settlement before resorting to litigation and agreed not to file suit before 24 January 2007.

At approximately 12:25 a.m. on 24 January 2007, defendants electronically filed a complaint against plaintiff in the United States District Court for the Western District of North Carolina. Defendants alleged the following causes of action: (1) negligent misrepresentation; (2) breach of representation and warranty; and (3) breach of contract. At approximately 9:01 a.m. on 24 January 2007, plaintiff filed a complaint against defendants in the Office of the Clerk of Superior Court for Mecklenburg County. After an extensive series of motions and rulings, plaintiff filed an amended complaint in superior court alleging seven separate claims for relief. On 20 December 2007, defendants filed a motion to dismiss plaintiff's amended complaint based upon a " 'prior action pending' involving substantially similar subject matter and parties in a North Carolina federal court." On 1 February 2008, plaintiff filed its answer and counterclaims in federal district court and alleged the identical claims pending before the superior court. Trials were set for September 2008 in federal court and February 2009 in state court. On or after 8 February 2008, a special superior court judge granted defendants' motion to dismiss plaintiff's amended complaint without prejudice to plaintiff's right to pursue its claims for relief in federal court. The superior court based its ruling upon the "prior action pending" doctrine and stated that "all parties can obtain complete relief in the Federal Court Action, making the State Court Action 'wholly unnecessary.' " Plaintiff appeals.

## II. Issue

Plaintiff argues the superior court erred by granting defendants' motion to dismiss its amended complaint it filed therein.

## III. Prior Action Pending Doctrine

Plaintiff argues the superior court erred in granting defendants' motion to dismiss "on the grounds that the 'prior action pend-

ing' doctrine is not applicable to substantially similar actions filed simultaneously in the North Carolina Federal and State Courts." We disagree.

The leading case in North Carolina addressing the "prior action pending" doctrine in this context is *Eways v. Governor's Island*, 326 N.C. 552, 554, 391 S.E.2d 182, 183 (1990). After acknowledging that a conflict among jurisdictions existed regarding the question of whether a prior pending federal action would abate a subsequent state action, our Supreme Court adopted the minority position that answered this question in the affirmative. *See id.* at 560, 391 S.E.2d at 187 ("[A] minority of courts maintain that where the prior pending action is in a federal court sitting in the same state as the subsequent state action, the second action is abated. We conclude that the minority rule is the better reasoned authority." (Internal citations omitted)). Our Supreme Court further enunciated the "prior action pending" doctrine as applied in North Carolina:

> Where a prior action is pending in a federal court within the boundaries of North Carolina *which raises substantially the same issues between substantially the same parties as a subsequent action within the state court system having concurrent jurisdiction*, the subsequent action is wholly unnecessary and, in the interests of judicial economy, should be subject to a plea in abatement.

*Id.* at 560-61, 391 S.E.2d at 187 (emphasis supplied).

Our appellate courts have not previously addressed cases where actions are filed in both federal courts and North Carolina state courts on the same day. However, in *Nationwide Mut. Ins. Co. v. Douglas*, this Court considered the effects of filing separate actions in two North Carolina state courts within hours of each other. 148 N.C. App. 195, 197, 557 S.E.2d 592, 593 (2001). In *Nationwide*, the defendant filed a declaratory judgment action in Carteret County Superior Court. 148 N.C. App. at 197, 557 S.E.2d at 593. Approximately three and one half hours later, the plaintiff filed a declaratory judgment action in Wake County Superior Court. *Id.* Although it had notice of the pendency of the action in Carteret County, the Wake County Superior Court entered an order: (1) denying defendant's motion to dismiss based on the pending action in Carteret County; (2) denying defendant's alternative motion for change of venue to Carteret County; and (3) granting plaintiff's Rule 12(c) motion for judgment on the pleadings. *Id.*

This Court affirmed the Wake County Superior Court's order, but stated:

> *we conclude that the trial court's failure to abate the action in Wake County in favor of the prior filed action in Carteret County, although it ran contrary to the general rule of abatement,* nonetheless served the hoary notions of judicial economy upon which the abatement doctrine is founded by effectively avoiding a multiplicity of actions, excess delay and duplicitous costs.

*Id.* at 198-99, 557 S.E.2d at 594 (citation omitted) (emphasis supplied). The holding in *Nationwide* appears to require the first to file test to be applied in cases where the "prior action pending" doctrine is implicated. *Id.* This principle is applicable to the case at bar.

It is undisputed that the actions filed in the United States District Court for the Western District of North Carolina and the Mecklenburg County Superior Court involve "substantially the same issues between substantially the same parties[.]" *Eways*, 326 N.C. at 560, 391 S.E.2d at 187. Defendants herein electronically filed an action in the United State District Court in North Carolina approximately nine hours prior to the time plaintiff filed its action in state court. We hold that defendants' federal action was "pending" at the time plaintiff filed its action in Mecklenburg County Superior Court. Based on our Supreme Court's holding in *Eways* and this Court's reasoning in *Nationwide*, plaintiff's subsequent state action is "wholly unnecessary" and is subject to a plea in abatement. *Eways*, 326 N.C. at 560-61, 391 S.E.2d at 187; *Nationwide*, 148 N.C. App. at 198-99, 557 S.E.2d at 594. The superior court properly dismissed plaintiff's amended complaint filed therein based upon the "prior action pending" doctrine.

Judicial economy also compel us to reach the same result. According to the superior court's order, the federal action was scheduled to commence sometime in September 2008. Defendants' brief now asserts the trial date is set for December 2008. By the time this opinion is filed, the parties will have completed a substantial amount of preparation for trial in the United States District Court for the Western District of North Carolina, as well as most of the discovery requested by each party. To reverse the superior court's order would be contrary to the interests of judicial economy. This assignment of error is overruled.

## IV.  Conclusion

Defendants' action was "pending" in the United States District Court for the Western District of North Carolina prior to the time plaintiff filed its action in Mecklenburg County Superior Court. Plaintiff's subsequent state action is abated in accordance with the "prior action pending" doctrine applicable in this State. The superior court properly dismissed plaintiff's amended complaint. The superior court's order is affirmed.

Affirmed.

Judges McCULLOUGH and CALABRIA concur.