IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-1241

Filed: 17 July 2018

Watauga County, No. 16-CVS-623

LMSP, LLC, Plaintiff,

v.

TOWN OF BOONE, a North Carolina Municipal Corporation, Defendant.

Appeal by plaintiff from orders entered 23 February 2017 by Judge Bradley B. Letts and 5 June 2017 by Judge Richard L. Doughton in Watauga County Superior Court. Heard in the Court of Appeals 18 April 2018.

*Miller & Johnson, PLLC, by Nathan A. Miller, for plaintiff-appellant.*

*Cranfill Sumner & Hartzog LLP, by Patrick H. Flanagan and Meredith FitzGibbon, for defendant-appellee.*

ZACHARY, Judge.

Plaintiff appeals from orders denying its motion for preliminary injunction and granting defendant Town of Boone's motion to dismiss. We affirm.

**Background**

In March 2016, plaintiff LMSP, LLC filed suit against the Town of Boone in state court seeking declaratory and injunctive relief on the grounds that the Town's towing ordinance, Chapter 73, violated plaintiff's right to substantive due process, plaintiff's right to equal protection, and plaintiff's rights under the First Amendment to the United States Constitution, as well as plaintiff's rights under Article I, Section

1 of the North Carolina Constitution and the provisions of N.C. Gen. Stat. § 160A-174. The Town had that action removed to the United States District Court for the Western District of North Carolina based on the existence of federal question jurisdiction.

On 17 November 2016, while the federal action was still pending, the Town's council met and passed several amendments to the towing ordinance at its regularly scheduled meeting. Plaintiff thereafter filed another suit against the Town in state court ("the present action"). The present action alleges causes of action for violations of the provisions of N.C. Gen. Stat. § 160A-174 and of the right to earn a livelihood, the right to due process, and the right to equal protection under the North Carolina Constitution. Like the pending federal action, the present action also seeks declaratory and injunctive relief.

The Town's council met again on 15 December 2016 and passed additional amendments to the towing ordinance. However, plaintiff claims that those amendments were passed "in violation of the North Carolina laws governing open meetings pursuant to N.C.G.S. § 143-318.10(a)." Plaintiff accordingly filed an amended complaint in the present action on 22 December 2016 setting forth a new cause of action based on the open meeting laws. The federal action was still pending at the time.

On 9 January 2017, plaintiff's motion for preliminary injunction came on for hearing before the Honorable Bradley B. Letts. Judge Letts denied plaintiff's motion for preliminary injunction by order entered 23 February 2017 on the grounds that "Plaintiff cannot show a likelihood of success on the merits[,]" and that "Plaintiff has also failed to allege facts that show it will be irreparably harmed if the preliminary injunction is not granted." Judge Letts's conclusion that plaintiff could not establish a likelihood of success on the merits was based upon his determination that, in light of the pending federal action, the present action was "likely barred by the doctrine of prior action pending."

The Town filed a Rule 12(b)(6) motion to dismiss plaintiff's present action on 6 January 2017. The Town's motion to dismiss was heard on 22 May 2017 before the Honorable Richard L. Doughton, and the parties argued whether the prior action pending doctrine barred this action. Judge Doughton granted the Town's motion, and dismissed the present action by order entered 5 June 2017. Plaintiff timely appealed.

On appeal, plaintiff argues that the trial court erred (1) by denying plaintiff's motion for preliminary injunction, and (2) by granting the Town's motion to dismiss. The thrust of plaintiff's contentions on appeal is that the present action is, in fact, not barred by the prior action pending doctrine. We disagree.

**Motion to Dismiss**

Standard of Review

It is axiomatic that "[o]n appeal of a 12(b)(6) motion to dismiss, this Court conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 429 (2007) (citation and quotation marks omitted). This Court must ascertain "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Block v. County of Person*, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (citation and quotation marks omitted).

Prior Action Pending Doctrine

Invocation of the prior action pending doctrine is a form of "plea in abatement," *State ex rel. Onslow County v. Mercer*, 128 N.C. App. 371, 375, 496 S.E.2d 585, 587 (1998), that is, one "that objects to the place, time, or method of asserting the plaintiff's claim but does not dispute the claim's merits." *Plea in Abatement*, BLACK'S LAW DICTIONARY, 1189 (10th ed. 2014). Specifically, the prior action pending doctrine applies whenever "a prior action is pending between the same parties, affecting the same subject matter in a court within the state or the federal court having like jurisdiction[.]" *Onslow County*, 128 N.C. App. at 375, 496 S.E.2d at

587. In determining whether abatement of the subsequent action under the prior action pending doctrine is required, "the ordinary test is this: 'Do the two actions present a substantial identity as to parties, subject matter, issues involved and relief demanded?'" *Id.* at 375, 496 S.E.2d at 588 (quoting *Clark v. Craven Reg'l Med. Auth.*, 326 N.C. 15, 21, 387 S.E.2d 168, 172 (1990)). When such a substantial identity is presented, it is evident that "the subsequent action is wholly unnecessary and therefore, in the interest of judicial economy, should be subject to a plea in abatement." *Id.* at 375, 496 S.E.2d at 587 (citations omitted); *Houghton v. Harris*, 243 N.C. 92, 95, 89 S.E.2d 860, 863 (1955). "An action is pending for the purpose of abating a subsequent action between the same parties for the same cause from the time of the issuance of the summons until its final determination by judgment." *McDowell v. Blythe Bros. Co.*, 236 N.C. 396, 398-99, 72 S.E.2d 860, 862 (1952) (citations omitted); *see also Gilliam v. Sanders*, 198 N.C. 635, 637, 152 S.E. 888, 889-90 (1930).

When applicable, the prior action pending doctrine will operate as grounds for dismissal under Rule 12(b) of the North Carolina Rules of Civil Procedure. *Brooks v. Brooks*, 107 N.C. App. 44, 47, 418 S.E.2d 534, 536 (1992) ("A plea in abatement based on a prior pending action, although not specifically enumerated in Rule 12(b) of the Rules of Civil Procedure, is a preliminary motion of the type enumerated in Rule 12(b)[.]"); *see also Morrison v. Lewis*, 197 N.C. 79, 81, 147 S.E. 729, 731 (1929)

("Where an action is instituted, and it appears to the court . . . that there is another action pending between the same parties and substantially on the same subject-matter, and that all the material questions and rights can be determined therein, such action will be dismissed.").

In the instant case, there is no question but that the prior filed federal action and the present action involve the same parties, implicate the towing ordinances of the Town of Boone, and request similar relief. However, plaintiff argues that the federal action and the present action do not present a substantial identity as to the issues involved, and the trial court erred in granting the Town's motion to dismiss.

Plaintiff attempts to demonstrate a lack of substantial identity between the two causes of action by parsing the particulars of the original and amended versions of the towing ordinance. For instance, in the present action, "Plaintiff takes particular issue with Section 73.03(A)(3)" of the amended towing ordinance, which requires that there

> be a *minimum of one* warning sign for each vehicular entrance to the parking lot and such other signs as are required so that an ordinary driver who is not familiar with that parking lot is warned by the signage upon entering the parking lot, exiting his or her vehicle, and/or upon exiting the parking lot *as a pedestrian* that the lot is private and that unauthorized vehicles are subject to towing or booting[,]

whereas Section 73.09 of the prior ordinance at issue in the federal action required "*[t]wo signs* per each vehicle entrance to the parking lot . . . which are conspicuous to

and can easily be seen by every unauthorized person entering the parking lot or *exiting a parked vehicle* in the parking lot[.]" (emphasis added).

The existence of minute, immaterial variations between the two ordinances does not change the fact that the crux of both the federal and present action is plaintiff's contention that the towing ordinance exceeds the scope of the Town's authority. In essence, as Judge Doughton expressed, plaintiff had a "beef against the Town of Boone" because of its towing ordinance. Plaintiff filed suit against the Town in response. In the meantime, the Town amended its towing ordinance. Plaintiff then sued the Town once again, while the federal action remained pending. Both complaints provide practically identical descriptions of the suits: plaintiff's complaint in the federal action stated that "this action involves the constitutionality of various portions of Defendant Boone's immobilization ordinance known as Chapter 73 and whether or not Defendant Boone exceeded the scope of their authority granted to them in N.C.G.S. § 160A-174[,]" while its complaint in the present action asserts that "this action involves the constitutionality of Defendant's towing and booting ordinance known as Section 73 and whether or not Defendant exceeded the scope of their authority granted to them in N.C.G.S. § 160A-174." These issues are substantially identical, thereby rendering the subsequent present action "wholly unnecessary." *Shoaf v. Shoaf*, 219 N.C. App. 471, 475, 727 S.E.2d 301, 305 (2012) (citations and quotation marks omitted). Moreover, the fact that plaintiff filed an

amended complaint in the present action asserting the open meetings laws as an additional ground for relief does not change the fact that the federal court could "dispose of the entire controversy in the prior action[,]" thus rendering "the subsequent action . . . wholly unnecessary." *Clark*, 326 N.C. at 20, 387 S.E.2d at 171.

It is clear that plaintiff did not "want to go to federal court[,]" and that it "would rather have [its] case" heard in state court. However, after plaintiff remained dissatisfied with the Town's amended towing ordinance, a proper procedure would have been either for plaintiff to amend its complaint in the federal action in light of the amended ordinance; voluntarily dismiss the federal action; or wait for the federal court to dismiss the action as moot. Instead of opting for one of these routes, plaintiff filed the present action in State court, this time alleging only state causes of action in order to avoid federal question jurisdiction. This maneuver, however, did not negate the fact that the issues raised in the subsequent action were so substantially similar as to have been proper for determination by the federal court as a single litigation in the prior action. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 139 L. Ed. 2d 525, 535 (1997) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III[.]").

Accordingly, we affirm the trial court's order granting the Town's motion to dismiss the present action on the grounds that it is barred by the prior action pending doctrine.

## Preliminary Injunction

For the reasons discussed above, we also affirm the trial court's denial of plaintiff's motion for a preliminary injunction.

A preliminary injunction is "an extraordinary measure" that "will be issued only (1) if a plaintiff is able to show *likelihood* of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued[.]" *Ridge Community Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977) (citations omitted). "The standard of review from a preliminary injunction is 'essentially *de novo.*'" *VisionAIR, Inc. v. James*, 167 N.C. App. 504, 507, 606 S.E.2d 359, 362 (2004) (quoting *Robins & Weill, Inc. v. Mason*, 70 N.C. App. 537, 540, 320 S.E.2d 693, 696 (1984)). "Nevertheless, 'a trial court's ruling on a motion for a preliminary injunction is presumed to be correct, and the party challenging the ruling bears the burden of showing it was erroneous.'" *Id.* (quoting *Analog Devices, Inc. v. Michalski*, 157 N.C. App. 462, 465, 579 S.E.2d 449, 452 (2003)) (citation omitted).

In the instant case, Judge Letts's order denying plaintiff's motion for a preliminary injunction stated that "[t]he claims in the Plaintiff's Amended Complaint are likely barred by the doctrine of prior action pending. As such, there is a likelihood

that the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted." "Because there is a high likelihood that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted," Judge Letts concluded that "Plaintiff cannot show a likelihood of success on the merits. . . . Therefore, Plaintiff is not entitled to preliminary injunction." Indeed, Judge Letts was correct: Judge Doughton dismissed plaintiff's action, and the dismissal was appropriate. Accordingly, we affirm the trial court's order denying plaintiff's motion for a preliminary injunction.

## Conclusion

For the reasoning explained herein, the orders denying plaintiff's motion for a preliminary injunction and granting the Town's motion to dismiss are

AFFIRMED.

Judges ELMORE and TYSON concur.