An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1048

Filed 3 September 2025

Wake County, No. 22 CVS 000646

LEXINGTON INSURANCE COMPANY, Plaintiff,

v.

THE STATE OF NORTH CAROLINA; NORTH CAROLINA PUBLIC OFFICERS AND EMPLOYEES LIABILITY COMMISSION; CHARLOTTE FOX as administratix of the Estate of KENNETH SNEAD; LEROY ALLEN; J. DUANE GILLIAM, as Guardian of the Estate of Leon Brown; RAYMOND C. TARLTON, as Guardian Ad Litem for Henry Lee McCollum; and KIMBERLY PINCHBECK, as Limited Guardian and Conservator of the Estate of Henry Lee McCollum, Defendants.

Appeal by Plaintiff from order entered 30 August 2024 by Judge Keith O. Gregory in Wake County Superior Court. Heard in the Court of Appeals 21 May 2025.

*Alston & Bird LLP, by Kelsey L. Kingsbery and Alexander S. Lorenzo, for Plaintiff-Appellant.*

*Cheshire Parker Schneider, PLLC, by Elliot Abrams; and Covington & Burling LLP, by Tyler Weinblatt and Adira Levine, pro hac vice, for Defendants-Appellees Henry Lee McCollum and Leon Brown.*

*No brief filed for Defendant the State of North Carolina.*

*No brief filed for Defendant North Carolina Public Officers and Employees Liability Commission.*

*No brief filed for Defendants Charlotte Fox, Leroy Allen, Raymond C. Tarlton, and Kimbery Pinchbeck.*

GRIFFIN, Judge.

Plaintiff Lexington Insurance Company appeals from the trial court's order granting Defendants J. Duane Gilliam, as Guardian of the Estate of Leon Brown, Raymond C. Tarlton, as Guardian Ad Litem for Henry Lee McCollum, and Kimberly Pinchbeck's, as Limited Guardian and Conservator of the Estate of Henry Lee McCollum, motion to dismiss. Plaintiff argues the trial court erred by granting Defendants' motion based on the prior pending action doctrine. We agree.

## I.   Factual and Procedural Background

In 1983, Defendants Henry Lee McCollum and Leon Brown were convicted for the rape and murder of a child. After serving thirty-one years in prison, DNA evidence exonerated them, and they were released from the State's custody in 2014. A year later, they brought civil rights claims in federal court which were in part settled. Their claims against two former State Bureau of Investigation agents were tried resulting in a jury verdict of 75 million dollars, later reduced by the United States Court of Appeals for the Fourth Circuit and memorialized in an amended judgment entered on 20 April 2023.

Plaintiff Lexington Insurance Company provided indemnity coverage to Defendant North Carolina Public Officers and Employees Liability Insurance

Commission ("POELIC") between 2007 to 2017 by issuing multiple policies during those years. After the amended judgment was entered, on 1 June 2024, Defendants McCollum and Brown filed a supplemental complaint against the State of North Carolina and its insurers, including Plaintiff, seeking to satisfy the judgment. The supplemental complaint and satisfaction of the judgment are proceeding in federal court concurrent to this action. *See Tarlton ex rel. McCollum v. Allen*, No. 5:15-CV-451BO, 2025 WL 818557 (E.D.N.C. Mar. 13, 2025) (denying Lexington Insurance Company's motion to dismiss the supplemental complaint). The State of North Carolina and Defendant POELIC sought to exercise their rights to indemnity payments from Plaintiff pursuant to the policies.

Plaintiff takes the position it is not required to indemnify the public entities because the policies it provided were not entered into when the wrongful acts occurred, for which Defendants recovered. To this end, Plaintiff filed a complaint seeking declaratory judgment they are not liable for the judgment under the policies in Wake County Superior Court on 14 January 2022, which it later amended on 27 March 2024. Defendant filed, on 4 June 2024, a motion to dismiss or, in the alternative, motion to stay—citing the prior pending action doctrine and *forum non conveniens* as grounds for dismissal. After a hearing on the motion, the trial court granted the motion.

Plaintiff timely appeals.

## II.    Analysis

Plaintiff contends the trial court's judgment was erroneous because the prior pending action doctrine is inapplicable for multiple reasons. Specifically, Plaintiff argues the federal action was not a prior pending action because: (1) the federal action was not a prior pending action when Plaintiff filed this action; (2) the actions do not involve the same claims in that the federal action was initially for civil rights claims and the claims here are for declaratory judgment on insurance coverage; and (3) there is not substantial identity between the parties in both of the actions because the State and POELIC are insulated from the federal action by the Eleventh Amendment. Plaintiff also argues the interests of judicial economy weigh in favor of allowing this action to proceed in state court.

Defendants, in contrast, argue dismissal was proper for two reasons. First, Defendants contend the trial court granted their motion to dismiss, in part, because actions for declaratory judgment are improper where a party is seeking an advisory opinion. Defendants argue this basis, which they allege is not challenged by Plaintiff on appeal, is sufficient to uphold the trial court's order. Second, Defendants argue the prior pending action doctrine supports dismissal as, despite the procedural stalls in litigation, the federal action was filed in 2015 and the insurance claims made in their supplemental complaint relate back to that date—therefore, they argue, the federal action is the "prior pending action" and this action is subject to dismissal. On this point, Defendants also contend there is substantial similarity between the material characteristics of each action. Finally, Defendants ask us to remand for

further consideration of their *forum non conveniens* argument.

## A. Standard of Review

The parties dispute the standard of review applicable here. Plaintiff argues we review an order granting a motion to dismiss made because of the prior pending action doctrine de novo. In contrast, Defendants argue we review for an abuse of discretion because "the Superior Court decided whether a matter is appropriate for declaratory relief." Neither Defendants' motion to dismiss nor the trial court's order specifies the ground under Rule 12(b) of the North Carolina Rules of Civil Procedure that dismissal is premised upon.

Our review of relevant precedent reflects we generally review de novo a motion to dismiss premised upon the prior pending action doctrine. *See Doe v. Wake County*, 264 N.C. App. 692, 694, 826 S.E.2d 815, 818 (2019) (reviewing a trial court's order dismissing the case, where the defendants raised the prior pending action doctrine defense, de novo despite it being unclear "which claims were being dismissed on which grounds"); *LMSP, LLC v. Town of Boone*, 260 N.C. App. 388, 390, 818 S.E.2d 314, 316 (2018) (reviewing the defendant's Rule 12(b)(6) motion premised upon the prior pending action doctrine de novo); *Greene v. Trustee Services of Carolina, LLC*, 244 N.C. App. 583, 590–91, 781 S.E.2d 664, 670 (2016) (reviewing a Rule 12(b)(6) motion to dismiss based upon the prior pending action doctrine de novo); *but see Johns v. Welker*, 228 N.C. App. 177, 178–79, 744 S.E.2d 486, 488 (2013) (holding record evidence made clear the trial court's dismissal was based on Rule 12(b)(1) where the

prior pending action doctrine was argued, but still reviewing the order de novo).

When reviewing a motion to dismiss de novo, we consider "whether the allegations in the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013). When doing so, we freely substitute our "assessment of whether the allegations of the complaint are sufficient to state a claim for the trial court's assessment." *Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679, 878 S.E.2d 798, 800 (2022) (citations omitted).

Dismissal is proper, on the other hand, where "one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or, (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Bissette v. Harrod*, 226 N.C. App. 1, 7, 738 S.E.2d 792, 797 (2013) (citation and internals marks omitted).

**B. Independent Ground**

As a threshold matter, we disagree with Defendants' contention that the trial court partially based its decision upon the theory that Plaintiff is seeking an advisory opinion. The portion of the transcript Defendants cite to in support of this argument does not disclose any mention or argument related to this action being in pursuit of an advisory opinion—rather, the transcript reflects arguments on the prior pending action doctrine. Specifically, trial counsel cited *Coca-Cola Bottling Company*

*Consolidated v. Durham Coca-Cola Bottling Company*, 141 N.C. App. 569, 541 S.E.2d 157 (2000), while arguing Plaintiff is forum shopping in this action. In *Coca-Cola*, we made apparent the guiding principles of declaratory judgment. *Id.* at 578–79, 541 S.E.2d at 163–64. During our discussion of the inappropriate uses of an action for declaratory judgment, we do not discuss obtaining an advisory opinion as one such inappropriate use. *Id.* at 579, 541 S.E.2d at 164.

Moreover, this action is consistent with the Declaratory Judgment Act. Specifically, any party "interested under a . . . written contract . . . or whose rights, status or other legal relations are affected by a . . . contract, may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder." N.C. Gen. Stat. § 1-254 (2023). An action for declaratory judgment to determine the rights between an insurer and the insured is well within the scope of this power. *See generally North State Deli, LLC. v. Cincinnati Ins. Co.*, 386 N.C. 733, 908 S.E.2d 802 (2024) (reviewing an action by the restaurant-plaintiffs for declaratory judgment that their COVID-19 induced losses were covered by their insurance policies); *N.C. Farm Bureau Mut. Ins. v. Allen*, 146 N.C. App. 539, 553 S.E.2d 420 (2001) (reviewing a grant of summary judgment for the plaintiff insurance company on its claim for declaratory judgment that the policy did not cover a specific event).

As such, Defendants' contention that the trial court partially based its order on Plaintiff attempting to obtain an advisory opinion is without merit. Accordingly,

we will not affirm the trial court's order on that ground.

## C. Prior Pending Action Doctrine

"'Under the law of this state, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action.'" *Nationwide Mut. Ins. v. Douglas*, 148 N.C. App. 195, 197, 557 S.E.2d 592, 593 (2001) (quoting *Eways v. Governor's Island*, 362 N.C. 552, 558, 391 S.E.2d 182, 185 (1990)). "Invocation of the prior action pending doctrine is a form of 'plea in abatement.'" *LMSP, LLC*, 260 N.C. App. at 390, 818 S.E.2d at 316 (citation modified). We do not construe the language "same parties for the same subject matter" literally—instead, we ask "do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Id.* (citation modified). If there is substantial similarity between those material characteristics of the actions, "the subsequent action is wholly unnecessary and, in the interests of judicial economy, should be subject to a plea in abatement." *Signalife, Inc. v. Rubbermaid, Inc.*, 193 N.C. App. 442, 444, 667 S.E.2d 499, 500 (2008) (citation and internal marks omitted).

The analysis in *Signalife* provides a simple illustration of how the doctrine works. There, we addressed whether the prior pending action doctrine barred a state action where one party filed a complaint in federal court at 12:25 a.m. and another party filed a complaint in superior court at 9:01 a.m. on the same day. *Id.* at 443, 667 S.E.2d at 499–500. Determining our precedent requires "the first to file test to be

applied in cases where the 'prior action pending' doctrine is implicated,'" we held that because the parties and claims were substantially similar, and the federal action was filed first, the state action was subject to abatement under the doctrine. *Id.* at 445–46, 667 S.E.2d 500–01.

Here, the fact the federal action ran its course to a final judgment, and Plaintiff was only brought into the litigation through a supplemental complaint, complicates the matter. The federal action was filed in 2015 and the initial complaint in this action was filed in 2022. At face value, presuming the parties and claims are substantially similar, this action would be barred. But, "a prior action is pending until *its determination by final judgment*." *Clark v. Craven Reg'l Med. Auth.*, 326 N.C. 15, 20, 387 S.E.2d 168, 171 (1990) (emphasis added); *see LMSP, LLC*, 260 N.C. App. at 390–91, 818 S.E.2d at 316 ("'An action is pending for the purpose of abating a subsequent action between the same parties for the same cause from the time of the issuance of the summons *until its final determination by judgment*.'" (quoting *McDowell v. Blythe Bros. Co.*, 236 N.C. 396, 398–99, 72 S.E.2d 860, 862 (1952) (emphasis added))).

A plain reading of our precedent mandates we hold this action to be the prior action. Being so, this action could not be subject to dismissal based upon the prior pending action doctrine because, considering the federal action had reached a final judgment, this action is the prior pending action.

Moreover, while North Carolina subscribes to the rule "that a prior action

which is pending in the appellate division may serve as a prior action pending for the purpose of basing a judgment of abatement in a subsequent action between the same parties upon the same issues[,]" *Clark*, 326 N.C. at 21, 387 N.C. at 172, the federal action was not pending in the federal appellate courts when Plaintiff filed its amended complaint. Rather, Defendants were attempting to execute the judgment entered upon the amended final judgment. Having determined the prior pending action doctrine is inapplicable here, we do not endeavor to assess whether there is substantial similarity between the issues and parties in this action and the federal action.

Accordingly, the trial court erred by granting Defendants' motion to dismiss based upon the prior pending action doctrine, and we reverse that order.

### D. Forum Non Conveniens

Defendants invite us to remand this case for further consideration of the applicability of *forum non conveniens*. As the trial court reserved ruling on this ground, we make no determination of its applicability moving forward. *See Mclean Trucking Co. v. Mowless*, 249 N.C. 346, 351, 106 S.E.2d 510, 514 (1959) (holding a "question of law [that] was not passed on by the superior court[] should be before it can be heard here").

### III.   Conclusion

For the aforementioned reasons, we hold the prior pending action doctrine does not warrant dismissal and therefore we reverse the trial court's order granting

dismissal on this basis and remand.

REVERSED AND REMANDED.

Judges TYSON and COLLINS concur.

Report per Rule 30(e).